# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 21-4775-MWF (SKx)** | Date: **July 12, 2021** |
| Title: Diego Pacheco v. Split-T Management, LLC, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION

On June 11, 2021, Defendant Split-T Management, LLC removed this action from Los Angeles County Superior Court. (*See* Notice of Removal ("NoR") (Docket No. 1)). Defendant attempts to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (NoR ¶ 8).

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal statute had jurisdictional consequences).

Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). If the complaint does not allege that the amount in controversy has been met, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the [statutory minimum]." *Karapetyan v. Travelers Cas. Ins. Co. of Am.*, CV 13-9278-PA (RZx), 2014 WL 12703410 (C.D. Cal. Jan. 15, 2014) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 404 (9th Cir. 1996)) (internal quotations omitted); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (stating that the district court should have issued an order to show cause where the notice of removal stated in a conclusory manner that the amount in controversy exceeded $75,000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4775-MWF (SKx)**          Date:  **July 12, 2021**
Title:     Diego Pacheco v. Split-T Management, LLC, et al.

It is not clear from the face of the Complaint that the amount in controversy exceeds $75,000.  (*See generally* Complaint (Docket No. 1-1)).  Plaintiff seeks recission of contract and declaratory relief.  (*Id.* ¶¶ 50-61).  The contract at issue states that Defendant is entitled to twenty percent of Plaintiff's gross income from boxing and thirty percent of Plaintiff's income from non-boxing activities.  (*Id.* at 11).  However, neither the contract nor the Complaint specify the amount of income that Plaintiff has earned, or will earn, under the contract period.  Because the Complaint does not allege an amount in controversy, Defendant has the burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Defendant has not done so.  The Notice of Removal states in a conclusory manner that the amount in controversy is "well over $75,000 and satisfies 28 U.S.C. § 1332(a)[,]" but includes no facts supporting that conclusion, failing to specifically quantify Plaintiff's income from boxing and non-boxing activities. (NoR ¶ 14).  Defendant's unsupported conclusory allegations fail to carry his burden.  *See Chavez v. Hennessy Industries, Inc.*, No. CIV S-11-2441 KJM, 2012 WL 218990, at *1 (E.D. Cal. Jan. 23, 2012) (the defendant failed to carry his burden of showing by a preponderance of the evidence that the amount in controversy requirement was satisfied where defendant stated without factual support that the amount in controversy exceeded $75,000).

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing, on or before **July 19, 2021**, why this action should not be remanded for lack of subject-matter jurisdiction.  Defendant's failure to respond by the above date will result in the action being remanded to Los Angeles County Superior Court.

IT IS SO ORDERED.