UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4775-MWF (SKx)**               Date:  **August 10, 2021**
Title:    Diego Pacheco v. Split-T Management, LLC, et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| --- | --- |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| --- | --- |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO DISMISS OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE [6]; MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [8]

Before the Court are two motions:

The first is Defendant Split-T Management, LLC's ("Split-T") Motion to Dismiss, or in the Alternative, to Motion to Transfer Venue (the "MTD"), filed on June 21, 2021.  (Docket No. 6).  Plaintiff Diego Pacheco filed an opposition (the "MTD Opp.") on July 19, 2021.  (Docket No. 13).  Split-T filed a reply (the "MTD Reply") on July 26, 2021.  (Docket No. 15).

The second is Plaintiff's Motion to Remand Case to Los Angeles Superior Court (the "Remand Motion"), filed on July 8, 2021.  (Docket No. 8).  Split-T filed an opposition (the "Remand Opp.") on July 19, 2021.  (Docket No. 12).  Plaintiff filed a reply (the "Remand Reply") on July 20, 2021.  (Docket No. 14).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on August 9, 2021, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons that follow, the Remand Motion is **GRANTED**.  Split-T has failed to meet its heavy burden of showing that the amount in controversy is satisfied here.  The MTD is thus **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   **CV 21-4775-MWF (SKx)**           Date:  **August 10, 2021**
Title:     Diego Pacheco v. Split-T Management, LLC, et al.

## I.   BACKGROUND

On June 11, 2021, Defendant Split-T Management, LLC removed this action from Los Angeles County Superior Court, attempting to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Notice of Removal ("NoR") ¶ 8 (Docket No. 1)).

Plaintiff is a twenty-year-old boxer and citizen of California. (Complaint ¶ 8 (Docket No. 1-1)). Split-T operates a boxer management business and is a citizen of Delaware and New York. (*Id.* ¶ 9).

On or about July 17, 2018, Plaintiff and Split-T entered into a "Boxer-Manager Agreement" (the "Agreement") while Plaintiff was a minor. (*Id.* ¶¶ 13, 18). Since executing the Agreement, Plaintiff has participated in three boxing events ("bouts") managed by Split-T in California: one in Inglewood on April 26, 2019, one in Carson on September 14, 2019, and one in Los Angeles on November 9, 2019. (*Id.* ¶¶ 19, 20). The Complaint alleges that the Agreement is invalid and unenforceable because Split-T failed to (1) obtain the approval of a California court to contract with a minor to render services as a sport participant, (2) register to transact business in California, and (3) obtain a boxer manager's license. (*Id.* ¶¶ 23-36).

Plaintiff alleges two state law claims: (1) rescission of contract; and (2) declaratory relief. (*Id.* ¶¶ 50-61). Plaintiff seeks a judicial determination that the Agreement is unlawful, void, and unenforceable. (*Id.* ¶ 61).

## II.   LEGAL STANDARD

Jurisdiction under § 1332 requires that the amount in controversy exceed $75,000 and that the parties meet the complete diversity rule. 28 U.S.C. § 1332(a); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 21-4775-MWF (SKx)** | Date: **August 10, 2021** |
| Title: Diego Pacheco v. Split-T Management, LLC, et al. | |

Cir. 2007) (citation omitted). In addition, "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" "[t]he removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount." *Id.* (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citation omitted).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). "In actions for rescission, courts have used the value of the object of the contract as the value of the rescission claim for the amount-in-controversy determination." *Locher v. Thor Motor Coach, Inc.*, No. 3:17-CV-1804-GPC-MDD, 2017 WL 6016114, at *2 (S.D. Cal. Dec. 5, 2017) (citing *Diaz v. Carmax Auto Superstores California, LLC*, No. 1:15-CV-00523-AWI, 2015 WL 3756369, at *3 (E.D. Cal. June 16, 2015); *Garcia v. Citibank, N.A.*, No. 2:09-cv-3387-JAM-DAD, 2010 WL 1658569, at *2 (E.D. Cal. Apr.23, 2010) (action for rescission of $221,000.00 loan agreement was valued at $221,000.00); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (in action to rescind automobile purchase contract, amount in controversy was the full contract price paid)).

### III. DISCUSSION

Plaintiff moves to remand the action to Los Angeles County Superior Court, asserting that the $75,000 amount in controversy is not met. (Remand Motion at 4-5). Split-T contends that the value of the object of the Agreement exceeds the $75,000 amount in controversy because the Agreement resulted in Plaintiff obtaining a separate contract with Matchroom Boxing (the "Matchroom Contract"), and the Matchroom Contract has a value exceeding $384,000. (Remand Opp. at 5-6).

At the hearing, Split-T argued that the value of the object of the litigation is not Split-T's expected commission, but the value of the Matchroom Contract:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV 21-4775-MWF (SKx)**           Date:  **August 10, 2021**
Title:     Diego Pacheco v. Split-T Management, LLC, et al.

$384,000.  According to Split-T, because the object of the litigation is Split-T's agreement with Plaintiff to procure contracts for Plaintiff's benefit, the amount in controversy must take into consideration the value of the entire Matchroom Contract.

The Court would agree with Split-T that the amount in controversy is the value of the Matchroom Contract if the Matchroom Contract were in fact the contract that Plaintiff seeks to rescind.  It is not.  Rescission of the Agreement would not result in rescission of the Matchroom Contract; they are two independent agreements.  As a result, the value of the Agreement must be limited to Split-T's stake in the Matchroom Contract, *i.e.*, Split-T's expected commission, for that is what Split-T stands to lose if Plaintiff wins his lawsuit and the Agreement is held unenforceable.

Split-T's own math reveals that its "guaranteed" total commission is only $57,200.  (*See* Remand Opp. at 6).  Split-T's calculation of future commission earned between September 2021 and September 2022 — an additional $19,600 — is speculative and unsupported by any evidence.  At the hearing, Plaintiff asserted that even Split-T's putative "guaranteed" amounts are speculative because the Matchroom Contract may be cancelled by either party at any time.  Consequently, Split-T has failed to meet its heavy burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the Remand Motion is **GRANTED**.  The action is **REMANDED** to Los Angeles County Superior Court.

The MTD is thus **DENIED** *as moot*.

Because the Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in superior court.

IT IS SO ORDERED.